# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Derrick Rivera, | ) | Civil Action No. 2:11-0432-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Georgetown City Police Dept., | ) | |
| Inv. Keith Smalls, Inv. Johnell Sparkman, | ) | |
| Inv. Dmytruk, Cpl. Donald Tempalsky, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Derrick Rivera (the "plaintiff"), while detained at the Georgetown County Detention Center, filed this pro se action against the above-captioned defendants, alleging false arrest in violation of 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial proceedings and a report and recommendation ("R&R"). The plaintiff was specifically advised by the magistrate judge's order dated February 28, 2011 that he was responsible for notifying the Court in writing if his address changed.

On May 19, 2011, the defendants filed a motion for summary judgment. Accordingly, the magistrate judge issued an order pursuant to Roseboro v. Garrison, 528 F. 2d 309 (4th Cir. 1975), advising the plaintiff of the summary judgment procedure and the possible consequences if he failed to adequately respond. Despite this explanation, the plaintiff did not respond to the motion. The magistrate judge issued a second Roseboro order on June 29, 2011, advising the plaintiff that he had until July 19, 2011 to file his response to the motion for summary judgment.

On July 12, 2011, the envelope containing the second <u>Roseboro</u> order was returned to the clerk

of court with the notation that the addressee was not known, and that the Post Office was unable

to forward the mail to him. Thereafter, on July 13, 2011, the magistrate judge issued an R&R

that recommended that the action be dismissed with prejudice for lack of prosecution and for

failure to comply with the court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. On August 16, 2011, the plaintiff filed a "Response to Motion to Dismiss &

Roseboro Order," which responded to the defendants' motion to dismiss and informed the court

of his change of address.[1] The plaintiff explained that his delayed response was due to the

difficulty he had in obtaining writing materials where he was housed – in the Special

Management Unit of Lee Correctional Institution. On August 29, 2011, the defendants filed a

reply, arguing that the plaintiff's case should be dismissed because of his failure to timely file a

response.

In light of the plaintiff's response, the Court elected not to dismiss the case for failure to

prosecute, and on June 8, 2012, it remanded the case to the magistrate judge for a review of the

case on the merits. On July 19, 2012, the magistrate judge issued a second R&R that

recommended that the defendants' motion for summary judgment be granted. The R&R was

mailed to the plaintiff at his last known address; the next day, however, the plaintiff notified the

clerk of court of his change of address and also filed a response in opposition to the defendants'

motion for summary judgment. Accordingly, on August 2, 2012, the clerk of court mailed the

---

[1] The August 16, 2011 date is the mailing date. <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266, 268
(1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities
for forwarding to the district court).



magistrate judge's July 19, 2012 R&R to the plaintiff at his new address. The magistrate judge specifically advised the plaintiff of the procedures and requirements for filing objections to the R&R and the serious consequences if he failed to do so. The plaintiff has filed no objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261, 271 (1976). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b). The Court is charged with making a de novo determination of any portion of the report of the magistrate judge to which a specific objection is made. However, in the absence of an objection, the Court reviews the report only for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted). Furthermore, the failure to file specific written objections to the R&R results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

After reviewing the record of this matter, the applicable law, and the R&R of the magistrate judge, the Court agrees with the conclusions of the magistrate judge. Accordingly, the Court adopts

and incorporates the R&R (ECF No. 43) by reference in this Order. The defendants' motion for summary judgment (ECF No. 24) is granted, and judgment is entered in favor of the defendants.

**AND IT IS SO ORDERED**.

C. WESTON HOUCK
**UNITED STATES DISTRICT JUDGE**

August 24, 2012
Charleston, South Carolina